UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT RAMIREZ,<br><br>                             Plaintiff,<br>v.<br>WASHOE COUNTY SHERIFF'S OFFICE, et al.,<br><br>                             Defendants. | Case No. 3:25-cv-00685-ART-CLB<br><br>ORDER DISMISSING AND CLOSING CASE |

Nevada prisoner Robert Ramirez brings this *pro se* civil-rights action to redress constitutional violations that he allegedly suffered while in custody at Washoe County Detention Center and strip searched for court appearances after declaring an intent to sue about a medical issue. (ECF No. 1-1). Ramirez filed a complete application to proceed *in forma pauperis* ("IFP"). (ECF No. 1). Accompanying Ramirez's initiating documents is a letter explaining that his Complaint in this lawsuit "is the same complaint" from his other lawsuit that is styled *Ramirez v. Washoe Cnty. Sheriff's Office*, 3:25-cv-00517-ART-CSD ("*Ramirez 1*"). (ECF No. 1-2). Ramirez states that he filed this lawsuit because the Nevada Department of Corrections lately returned the financial documents that he sought to apply for IFP status in *Ramirez 1*. (*Id.* at 1).

**I.    DISCUSSION**

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008), (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). In fact, duplicative lawsuits by a litigant who is proceeding under IFP status may be

1

1 dismissed as malicious and thus constitute a strike under the Prison Litigation
2 Reform Act, 28 U.S.C. § 1915. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2
3 (9th Cir. 1995). Although the November 21, 2025, deadline for Ramirez to apply
4 for IFP status in *Ramirez 1* has expired, that lawsuit has not been dismissed.
5 Because *Ramirez 1* is still active, Ramirez should not have filed a second lawsuit
6 about the same issues. Rather, he should have filed his IFP application in
7 *Ramirez 1* and asked the court in that lawsuit to excuse his belated filing.

The Court will not assess Ramirez a strike at this time. But to avoid expending additional resources on this issue, the Court dismisses this action without prejudice to Ramirez's ability to pursue his claims in *Ramirez 1*, and it directs the Clerk of Court to file Ramirez's IFP application and explanatory letter in that lawsuit. (ECF Nos. 1, 1-2). Ramirez is advised that after the Clerk accomplishes this task, the Court will address his IFP application, letter, and Complaint in the ordinary course in Case No. 3:25-cv-00517-ART-CSD.

## II.    CONCLUSION

It is therefore ordered that this action is dismissed without prejudice and without leave to amend because it is duplicative of the earlier-filed and still pending action styled *Ramirez v. Washoe Cnty. Sheriff's Office*, Case No. 3:25-cv-00517-ART-CSD. If Robert Ramirez wishes to pursue claims about the strip searches, then he must do so in Case No. 3:25-cv-00517-ART-CSD.

The Clerk of Court is directed to close this case and file the application to proceed *in forma pauperis* (ECF No. 1) and explanatory letter (ECF No. 1-2) in Case No. 3:25-cv-00517-ART-CSD.

DATED: December 2, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE